Grant v. Swarthout, Case No. 22-55291 I'm going to start with the questions that the court posed in the order, beginning with the first question, which is how do we construe the California Supreme Court's summary denial here? And the short answer to that is, Your Honor, you construe it as a merits determination. It was determined on the merits, there is nothing to the contrary that we can see from the one-line order that would point to any procedural default. As I understand it, I mean, I think you're right about that, and I guess we'll hear from the government on this, but I want to make sure I understand your point. If it's a summary denial, then we are to assume that it's a merits-based denial, right? Yes, Your Honor. And it's the government's burden to show that it would not be a merits-based denial. It could be either the government's or the petitioner, because the petitioner can sometimes overcome the merits determination and rest it on a procedural ground, then adjudicate it on the merits requirement under 2254, would not be applicable anymore. So you don't even go to AEDPA anymore. So there are circumstances, that's under Johnson v. Williams. And maybe this is not uncommon, but did the government not file a brief in the Supreme Court? They did not, and it is not uncommon, Your Honor. It happens. Unless the California Supreme Court issues an order to show cause. Okay. So the normal course is, and that's what I wondered, so the normal course is you wouldn't file it unless a request was made. But that is one way you could overcome it, to look at whether it's procedural, is by looking at the arguments that the government made. Yeah, that's correct, Your Honor. You can't do that here. We cannot do that here. So then we could look at the representations that the government made here, but it seems like all the representations are that this is a merits-based determination. That's correct, Your Honor. That's correct, Your Honor. Okay. Yes. That would be a merits-based. And whether or not it was an unreasonable merits determination, then you have the 2254 D-1 and D-2, which is, in this particular case, as in many other cases, if you will, Your Honor, they are somewhat connected to one another. So if you make a merits determination by making factual determinations, credibility determinations, you're violating both 2254 D-1 and 2254 D-2. So they are connected to one another, even though we don't have any indication as to what the actual reasoning was. But what we can do, Your Honor, is look at the hypothetical reasonings. What could have persuaded the California Supreme Court to deny this petition based on the two claims that we brought in front of it? And I think if you look at every single hypothetical here, the answer is really straightforward. They had to assume, the framework is they had to assume the allegations, just the allegations itself. Forget about Hosein Newman's declaration. Let's put that aside. Just the allegations themselves. If they assume that to be true, then we know that the Elements 1 and 2, both in the Brady and the Naboo violation, are met. So we go to materiality. Yes, Your Honor. So I guess my question goes to that. Why did they have to assume that to be true? Why couldn't they have said, you know, we have a state law rule that claims in a habeas petition must be supported by some evidence, and that evidence must be non-hearsay, and you have presented only hearsay. And so we find that there is no factual basis to support any of the claims that you're making. Why isn't that the reasoning they could have used? Well, there are two reasons, Your Honor, because number one, we know from case law, the Supreme Court of California case law that says all you need is allegations. They can be supported by documentary evidence, but they don't have to. So if you have an allegation, for instance, that this particular witness was giving benefits, and Lehman, we use his name, he was giving benefits, and that's all you had. You had that one line, and you always filed the petition under penalty of perjury. That allegation itself has to be true. How you found that out is fleshed out through a hearing, and that's what the California Supreme Court has outlined. So let's even look at the evidence here for a moment. Is it hearsay? He's saying what Lehman said. Newman, who was sitting in the room at the time with me, actually, he's saying what Lehman repeated to him, which would be against his penal interest. Well, go ahead. So I think that's evidence code 1230, but that requires that the declarant be unavailable as a witness. Is there any showing that Lehman is unavailable here? Well, that would be a showing that would be made at the hearing. If the court were to remand this back for an evidentiary hearing, and Lehman, who, by the way, is in prison at this particular time, he's in prison on another offense, he says he doesn't want to testify. He comes in, says, I take my Fifth Amendment. He's unavailable. Then we put Newman on the stand, and Newman can easily repeat what, under California case law and under California evidence code, Newman can repeat what Lehman told him, and that would not be hearsay, because it would be an inconsistent statement, an exception to the hearsay, and under California law, it doesn't have to be a sworn statement, unlike federal law. And secondly, it would be a statement against penal interest, and he would be unavailable. Why would he be unavailable? Because he would take his Fifth Amendment, or he would otherwise not show up. There was subpoena, and he would refuse to testify, then he would be unavailable. But your first-line position, I take it, is that you didn't need to submit a declaration at all, hearsay or none. All you needed to do was make allegations. Correct. On the penalty of perjury, which is required in the form petitions that you file, either in the California Supreme Court or in the federal courts. And do you have, is there, what can you point us to in California law? Is there a case or a statute that tells us about this? There's the Penholster case that talks about it. There's a whole bunch of line of cases that are cited in the brief, and I can certainly bring those out to your honor. They talk about, in order for you to do a determination under 2254 D1, you do what California courts do, which is we assume the allegations to be true. We start with that premise. As long as they're, you know, they're not conclusory. So you can't come in and say, I was denied my Sixth Amendment right to effective assistance of counsel. You can't do that. That would be conclusory. But if you give specific facts and say, the cause of death here was questionable, I had a pathologist who could have testified to X, Y, and Z, but you don't have to have a declaration from a pathologist. Sometimes you can, and sometimes you will if you're appointed counsel, or if you have hired counsel. But sitting in prison, and all you got is just allegations that would be flushed out at the federal court. So for instance, in that particular scenario, your honor, there would be a petition filed with the allegations in the California Supreme Court. The California Supreme Court can look at those allegations and determine whether or not they would, if assumed to be true, they would give rise to a violation, including the materiality standard of it. And then the California Supreme Court would issue an order to show cause, or would send it back ordinarily to the trial court to do the issue, to show cause. I mean, I guess this is interesting, because the California courts have other case law that says like, look, hearsay doesn't enter into this. We don't consider hearsay evidence for this. Why can't we assume that that's what the California Supreme Court did here? They looked at this and said it's not enough. I guess you're arguing that the California Supreme Court would be precluded under federal law from doing that. Not under federal law, under their own laws. Because what we're doing is, when we're looking at 2254-D1, when we're doing that analysis in federal courts, we do what the California Supreme Court has instructed, which is we assume the allegations to be true. So this whole thing about the hearsay statement, it's a red herring, frankly. It means nothing, because all you need is just allegations. That is absolutely a clear statement of the law in California. All you need is allegations, supported, if available, by documentary evidence. I got to admit, I missed this, if this was in your brief. Pinholster? Yeah, Pinholster. Pinholster cites people versus Duval. And I have it, if I may, Your Honor. Pinholster is a U.S. Supreme Court case. Yes, Your Honor. Pinholster. So Pinholster says that, where the California Supreme Court doesn't order show cause, then they have determined that the allegations do not make out a prima facie case. A prima facie case is all we need to get through to an order show cause. In this case, even the state and the district court, they're all admitting, or they're all pretty much concede that the first two elements are satisfied, which is a nondisclosure and favorable part of the evidence, because they're assuming that the California Supreme Court, did its job by assuming the allegations to be true. And the only ground that they're saying that they didn't rely on. Your position is that the California Supreme Court cannot jump the gun on the hearsay analysis, as long as the allegations are there. They have to issue an order to show cause. They don't have to, Your Honor, because they can, because materiality, for instance. So the materiality is more of a nuisance. Because if we said, so that leaves us, you're saying the only question before us is, assuming the facts here are true, you have to ignore hearsay. You think hearsay, I guess that's what you said, it's a red herring. We shouldn't even be discussing it. We shouldn't even be discussing it. Because if we assume that what layman said, or what Newman said that layman said, we have to determine whether that's material. And that's the only question before us. Assume that to be true, then in light of the evidence that was presented at trial, is.  Yeah. Do you, I don't want to cut this off. And I guess I have one, so what you are, I mean, if you were to prevail here, is it your view that you then, you would get an evidentiary hearing in the district court? Is that? I think in this circumstance, Your Honor, you would get an evidentiary in the district court to flush out the facts. And the bar on hearings in 2254E, in your view, would not, I mean, what's your? It's not my view, Your Honor, under the case law, it would not apply because Mr. Grant asked for an evidentiary hearing in the California Supreme Court. That's all you need under case law. Had he not done that, then what's the remedy? If he had done. He hadn't asked for a hearing. If he had not asked for a hearing, then there's the Horton v. Mail case from the Ninth Circuit that says even if you don't ask for a hearing, if the California Supreme Court doesn't order or the California Court doesn't issue an order to show cause, you never had an opportunity to have a hearing. So therefore, you're not at fault under 2254E. So still a hearing. A remand for a hearing. You'd still be hearing. So the remedy would be, Your Honor, to answer your question directly, yes, Your Honor, the remedy would be that you would send it back to the district court to do an evidentiary hearing. The federal district court. Pardon me? The federal district court. The federal district court. But you want the federal district court to do an evidentiary hearing on hearsay. No, to do an evidentiary hearing, to have a subpoenaed layman, have him sit over here in front of the judge and see if what he's saying is true. But determine, yeah, I mean if they get layman, then that's fine. If they don't get layman, then we've got the hearsay problem. We've got the hearsay problem, which we can show under court. But that's all going to happen in federal, in your view, that's all going to happen in federal court. The federal court's going to rule under federal rules? Under federal rules, yes, Your Honor. Whether it's hearsay. Yes, because the federal rules would apply at the time. And then- So what California rules on hearsay are really are, that's crazy to me because the whole petition was filed in the California Supreme Court, and yet now we're saying California rules on hearsay. It could be hearsay under California law, but not federal law. I don't know. Right. I mean, it could be hearsay under both, but you have to go through the elements on availability and the initial reality. I don't want to cut this off, but if you want to preserve- I would really appreciate it, Your Honor. Reserve for rebuttal. Thank you. Yeah. Good morning. May it please the court. Alana Butler on behalf of Respondent. It seems that we're all in agreement that the California Supreme Court's denial was a merits determination. So, once we come to that agreement, the question is, what do we make of that? And the next step is for this court to figure out, okay, well, what bases could the California Supreme Court have relied upon in denying this petition and finding that it didn't make a prima facie case for relief? And there are two ways. And it seems that the court is most interested in the hearsay issue, so I'll address that one first. So, in California, it is not just merely pleading that would get you to the next step with habeas. A habeas petitioner also has to provide reasonably available documentary evidence. And in this case, Mr. Grant has failed to do so. We have a declaration from Mr. Newman. They met with Mr. Layman on three different occasions, and yet we have a completely hearsay declaration that says that there was a deal, that this is what the prosecutor offered me, and that simply doesn't fall within any exception to the hearsay rule. It's not a declaration against interest because, as the court noted, there was no showing that Mr. Layman was unavailable when he was actually making the statement to the investigator. And then it also couldn't be a prior inconsistent statement because under California law, a prior inconsistent statement needs to be confronted to somebody in court. So Mr. Layman would have to be on the stand and then be confronted with that statement. So, Sigur, your friend on the other side said, and I think maybe you just disagree, so tell me, do you disagree about this, his view of California law is that you just file the petition and you have a verification of the allegations in the petition, and you don't, that's all you need to do to make a prima facie case. But you're saying that state law requires more than that. Yes, I do respectfully disagree with that position. Can you point us to some cases on this? Sure. The main case that talks about the habeas corpus requirements is People v. Duval. Okay, so you're looking at the same case at least. We have to start somewhere. So People v. Duval talks about both of these two things. It talks about alleging things and then providing reasonable documentary evidence. Now, if you have an unrepresented petitioner who... Can I, so not to reopen the can of worms on merits versus procedural, but just hypothetically, if we assumed that the California Supreme Court said this was procedurally not enough, why wouldn't that make this a procedural determination? I guess in this case, we can't go there because it's not an issue, but I think that was sort of entering into some confusion in my thinking of the case. Understandably, but I think under California, it is the petitioner's burden to make a prima facie case. In doing so, he has to allege facts and provide evidence. When he fails to provide the evidence to support that prima facie case, that is a merits determination. That's not procedural. So I think that that goes- In events, regardless of whether it was a technical, like, I mean, some would have to be procedural. Like say he missed a deadline or something like that, that would be procedural. Sure. Like say he had the stuff, but he missed the deadline, that would be procedural. But if you look at it and you say, we're going to get rid of this on procedural grounds, like hearsay or something else, that doesn't turn it into procedural. That's still a merits-based decision. Yeah. I don't see this as procedural. It's evidentiary in nature. So I think one of the cases that I cited in my brief is really helpful on this point. It's a Madras case. And I didn't go into it in any depth, but I think it just bears a little bit of attention. So in Madras, we had a petition that was filed with an unsworn statement from a trial attorney saying, you know, the petitioner told me about this particular character witness. He provided me with a phone number, and I didn't contact him. And then they also provided a declaration from appellate counsel stating that I spoke to this character witness. This character witness said that this person was truthful, he was a wonderful employee, I would hire him again. So we have those two things. And ultimately, the court in Madras said, you didn't make a prima facie case to support the claim because the unsworn statement from the attorney, that was hearsay. Or they didn't even put it quite in terms of hearsay, but like that wasn't subject to like a perjury assessment. And the same thing with the appellate counsel's declaration. You can't base that on somebody else's statement because it's a statement itself that is trying to support the claim. So I think that by comparison, that's something that's very helpful. And in these cases that talk about these particular limitations, they all cite back to a case from 1890, saying that these things have to be based on penalty of perjury. Let's presume that this was an affidavit signed by layman. Yes. Totally different case? A totally different case in terms of that justification to deny relief. But it would still remain that a prima facie case had not been made with materiality. So the argument, if layman's declaration had been provided. What's your argument for that? Because I got to be honest, I'm grappling with how if layman's testimony were admissible, it does seem to trigger materiality. Like if layman came in and said, I lied on the stand, the government knew I lied on the stand, layman's a big chunk of the testimony here. Layman is definitely the cornerstone of the case. So, but you still think that you have materiality arguments, even if we were to consider layman's? Absolutely. And can you go through those briefly? Yes. So when we look at layman's testimony, he indicated on a number of occasions that he was concerned that he was going to be charged in the instant case. So you're saying, but that really goes to that. He didn't actually, he didn't actually lie. I think it goes towards both things because if we kind of, I kind of hesitant to bring up a Venn diagram here. Let me back up. Sure. Do you think layman, I know it's hard to say because we're talking about a hypothetical declaration from layman. Do you think if layman said the things that Newman puts in his affidavit, that that would show perjury? I mean, I know he can't be charged with perjury, but would that show that there was perjury from his statements on the stand? I'm not sure. I don't think that, the facts of this case when it comes to the deal are a little bit opaque. You have the prosecutor saying, there's been no deal, there's been no deal. And that may very well have been true, but then- There was 90% of a deal, but we didn't formalize it until a week later. Which would not technically be perjury. Exactly. But I think when we're looking at the materiality of it, we have to look towards if there was any reasonable likelihood that the result could have been different had this evidence not been either suppressed or falsified. And the reason why it couldn't have been different is because how layman actually testified. The whole point of why it's so important of having somebody's agreements with the government on the record is to show their interest in the case. And his interest in the outcome of this case was more than amply explored during the trial. So that's why it's a position that there isn't materiality here. So as I was saying, he expressed concern that he would be charged in the case, right? So he has an interest in his testimony. He had asked for special favors. So he was seeking special treatment, but according to him, he hadn't received it yet. He said he was hoping if the prosecution secured a conviction, they would look favorably upon him. So again, this is showing that he has- Their argument is all those statements were false because he knew he already had the agreement. And so he's making it seem like his testimony is more voluntary when- I thought we had case law in the Ninth Circuit that said, look, if the government puts a witness on the stand and the witness lies and the government knows that, which would be the assumption based on- or it would be an inferable assumption based on if layman testified the way that Newman's declaration reads, wouldn't we be bound by Ninth Circuit law to say, look, that the government didn't stop him knowing that he lied and that is a Napoui problem? It may be a Napoui problem, but there's still that extra prong of Napoui that the defense still needs to show materiality. So is- I thought Napoui sort of said- I thought there was a difference between Napoui and Brady. There is. And I thought Napoui basically said, like, yes, there's a technical standard for materiality, but let's be clear, whenever the government puts on a witness who lies, it meets it. Well, if they're key to the case. And I don't think anybody's arguing that he's key to the case. I mean, it seems as if that's almost getting a bit close to a reversible per se argument. Well, I'm afraid that our case law reads that way. I mean, I'm not sure I agree with it, but I think that's how I read our case law. I personally don't. What Napoui says is you have to look at the nature of the false evidence, the importance of the witness to the prosecution's case, which we completely concede that Lehman was a very important witness here, and whether or not the evidence was cumulative. And it's the state's position that the evidence was largely cumulative because you have Lehman saying, I'm testifying to get a favor. He knows that his case wouldn't be dismissed and he could forget about probation. I mean, there's one particularly important passage that I think is helpful. So counsel's asking, you're testifying as a concerned citizen. He says, no, I'm testifying to get a favor like you said the first time, but I know I'm not going to get it dismissed. And then he said, you know, the dismissal's too much. And then counsel asks, you're testifying to get a favor. You're hoping that somewhere down the line you'll get a benefit out of it, correct? And he says, yes. And I think what's interesting too is if you look at the counsel's closing argument, I mean, he really capitalizes on Lehman's incentive. So we have an incentive either way, whether he's hoping to get a deal, which in some ways the hope to get a deal could seem to have even more of an incentive than actually having one in your pocket. So I would encourage the court to, if you're struggling with that, to take a look at counsel's argument because this was something that was before the jury. And because it was before the jury, that answers the question, could this have led to a different result? And in my mind, the answer is no. Can you point me or us to a NAPUI case involving alleged perjury of a key witness in a case where we have said there's no materiality? That would be probably going beyond my expanse of knowledge. Okay. I understand that that might be a point blank question. But if you find one, 28 day letter might not be bad. Okay. I will do that. Why doesn't Jackson address this issue? I mean, I think Jackson is a NAPUI claim and that case tells us that essentially that there is materiality when you have a circumstance like this. I think every circumstance is different because he actually talks about his expectations. I think what the courts are very concerned about is if you have a witness that has an incentive to testify favorably for the prosecution, and that incentive is not just close to counsel, but is also hidden from the jury, that's something that's very troubling. In this case, and it may be this is the rare case that we find no materiality, but in this case, we have a witness that's saying over and over, I'm really worried about being charged in the instant case. I'm hoping to get a favor. So it's not as if this was something that the jury wasn't aware of. And had some deal been disclosed, when you look at his statements and what he said that the deal was, there's really not that much of a difference. So unless the court has any other questions. I do have a question about that. Yes. Going back to the point that you started with. So if we agree with you that under state law, the failure to support the petition with non-hearsay affidavits is a barrier or means that no prima facie case was created. Why? So we could conceptualize that as application of a state procedural rule that means the claim is defaulted, or alternatively as on the merits determination that because the claim was not supported by adequate evidence, it lacks a factual basis. And you're saying we should think of it in the latter terms. And if you could just explain why. Well, it's just like any other evidentiary showing. So if somebody has a burden of proof in a habeas case, it's to show a prima facie case entitling to relief by providing reasonably documentary evidence. And when you don't carry that burden to show the underlying fact of the case, then that is something that would be a merits determination. And I just also wanted to point out somewhat to your question as well, that if the court did find upon that, when looking at under the umbrella of 22, sorry, yeah, 2254 D, that decision couldn't be an unreasonable application of Supreme Court precedent or an unreasonable determination of fact. That's simply the application of state laws to habeas. So even if we were to maybe disagree, you know, with the court's decision on that ground, could they have found that way? It still doesn't fall under the exceptions to the relitigation bar. So, but to your honor's point, that is a merits determination because he just has not met his factual burden. So I'm sorry, one final question. In your view, I mean, opposing counsel is arguing we don't, hearsay is a red herring. Your view, I think, is the opposite, that we actually have to assume that that's what the Supreme Court, California Supreme Court looked at, and we should be analyzing whether that was an unreasonable application. I think that that's one of the bases that it could have made its decision, yes. All right, thank you. Thank you very much. Thank you. I'm going to, if I may, I want to point you to a case from this circuit. It's Kennedy versus Adams. Very, very helpful case on this question. And that would be 706 F-3rd. On which question? On the question of hearsay and all these allegations that we're talking about, whether the allegations surprise or not. Go ahead, give us the case. Yes, your honor. 706 F-3rd, 1148, 2013 case. It's an ineffective assistance of counsel case arising from a 2254 petition. And it answers the exact questions that your honor is asking. And one of the things I wanted to point out, your honor, in the brief itself, in the opening brief, if you look at the pages, 46. The problem, look, I don't, maybe that case is right or not, but it seems like we've got a threshold question, which is, what does California require? Yes. And you think, oh, this case addresses, okay. Yes, your honor. Okay. And we're talking about just the Coleman versus Penholster in footnote 12. It says, under California, the California Supreme Court summary denial of a habeas petition on the merits reflects that court's determination that the claims made in the petition do not state a prima facie case entirely in petition and relief. It appears that the court generally assumes the allegation in the petition to be true, but does not accept wholly conclusive allegations. People versus Duvall. And we'll also review the record of the trial to assess the merits of the claim. People versus Duvall, you go there, says the same exact thing. We assume the allegations to be true. But it says more than that though, right? I mean, it says that, but then it also says that the petition must include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations. Which we did. Well, but you included a hearsay. You included a declaration, but not a declaration that is admissible on the point that you were trying to establish. Your honor, but as a matter of practicality and theory, how is a prisoner, even with a point of counsel, how is a prisoner able to get anything more than that? We try to get a declaration from layman the fourth time that we went to prison and he declined. He didn't show up. But doesn't that sort of tell us something? I mean, that's the whole purpose of a hearsay. That tells us that he's afraid to come in and put it in writing and say, but he's not afraid. He was not afraid at all to come out and say three separate occasions. This is why we have the hearsay exception. Anyway, okay. I get your point. I mean, you understand that the flip side of this is we're opening up the door based on it. I mean, I'm not doubting your investigatory, on behalf of your client, the work that went into this, but we got a two-page declaration. And documentary evidence. What's that? And documentary evidence. Well, okay. Fair. But really, this is all comes down, in my view, at least, this all comes down to the declaration, really. And if this is enough, it seems to open a pretty wide door to habeas. And it does, Your Honor, because it isn't just simple allegations. There is something in the record that would, and we're not asking, in this kind of circumstance, Your Honor. All you're asking for is a hearing. Yes. We're not asking to grant the habeas. We need to understand if what the layman says, a judge would need to make that determination. Okay. Yes, sir. All right. Thank you. You know what? The court's going to take a five-minute recess. Thank you, Your Honor. Case is now submitted.
judges: NELSON, MILLER, DESAI